12 F.3d 205
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, Petitioner,
v.
Woodrow J. KINCAID; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-1683.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 25, 1993.
Decided: December 3, 1993.
 
 On Petition for Review of an Order of the Benefits Review Board.
 Lawrence Philip Postol, Seyfarth, Shaw, Fair-Weather & Geraldson, for Petitioner.
 Lauri J. Stomski, Office of the Solicitor, United States Department of Labor, for Respondents.
 Thomas S. Williamson, Jr., Solicitor of Labor, Carol A. De Deo, Associate Solicitor, Janet R. Dunlop, Counsel for Longshore, Office of the Solicitor, United States Department of Labor, for Respondent.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before LUTTIG and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Newport News Shipbuilding and Dry Dock Company petitions for review of a Benefits Review Board order affirming an administrative law judge's denial of relief under section 8(f) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. 908(f). We vacate the decision and order of the Benefits Review Board and remand to the administrative law judge for reconsideration in light of Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding and Dry Dock Co., 8 F.3d 175 (4th Cir. 1993).
 
 I.
 
 2
 The relevant facts are detailed in the administrative law judge's opinion below, Kincaid et al. v. Newport News Shipbuilding and Dry Dock Co., No. 90-LHC-2193 (Dep't of Labor, July 18, 1991), and we summarize them only to the extent needed for the disposition of this appeal.
 
 
 3
 Respondent-Claimant Woodrow J. Kincaid was exposed to asbestos while working for Newport News Shipbuilding and Dry Dock Company (Newport News) from 1939 to 1941, and from 1946 to 1983, at which point he retired from Newport News' employ. He subsequently sought benefits under the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. Sec. 901 et seq. (the Act), alleging that he had asbestosis resulting from his work-related exposure to asbestos, but was denied benefits by an administrative law judge in a 1984 order. After Kincaid submitted new evidence indicating respiratory impairment in 1988, Newport News accepted responsibility for a work-related injury and commenced voluntary payments for Kincaid's permanent partial disability under section 908(c)(23) of the Act. Newport News subsequently filed a claim for relief under section 908(f), which protects employers from paying compensation for disabilities that result in part from health conditions not caused by the claimant's employment.[1]
 
 
 4
 An administrative law judge (ALJ) denied Newport News' request for relief, finding that, to the extent Kincaid had a pre-existing disability, Newport News failed to prove that Kincaid's disability was "materially and substantially greater" than it would have been without the pre-existing disability. See 33 U.S.C.Sec. 908(f)(1). Although Newport News' staff physician, Dr. Harmon, testified that Kincaid's disability was materially and substantially greater due to his pre-existing disability, the ALJ rejected Dr. Harmon's testimony as unsubstantiated by medical evidence, and concluded that, because Newport News failed to submit any medical evidence to support Dr. Harmon's opinion, it failed to satisfy its burden of proof. The Benefits Review Board affirmed the ALJ's decision and order, and Newport News brought this appeal.
 
 
 5
 In a case decided after briefing and argument in the instant appeal, Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding and Dry Dock Co., --- F.3d ----, No. 92-1864 (4th Cir. Oct. 29, 1993), this circuit specifically addressed the proof required of employers to establish that an employee's disability is "materially and substantially greater than that which would have resulted" from the work-related injury alone. 33 U.S.C. Sec. 908(f)(1). In that case we held that satisfying this standard
 
 
 6
 requires quantification of the level of impairment that would ensue from the work-related injury alone. In other words, an employer must present evidence of the type and extent of disability that the claimant would suffer if not previously disabled when injured by the same work-related injury.
 
 
 7
 Newport News, No. 92-1864, slip op. at 19 (emphasis added).
 
 
 8
 Under this standard, it is clear that Newport News cannot make out a claim for relief without producing evidence quantifying the impairment Kincaid would suffer if he only had asbestosis.[2] Although Dr. Harmon did testify that Kincaid's disability would be "far less" if he only had asbestosis, J.A. at 47, he never specified exactly how great a disability would result from Kincaid's asbestosis alone, a showing that is required under the standard we recently adopted. Newport News, No. 92-1864, slip op. at 19. Because this circuit's standard for establishing entitlement to section 908(f)(1) relief was only adopted after the parties had briefed and argued this appeal, they should have another opportunity to have their evidence considered and their claims adjudicated under that standard. Accordingly, we vacate the decision below and remand for reconsideration in light of Newport News.
 
 VACATED AND REMANDED
 
 
 [1]
 Under section 908(f)(1), an employer's liability is limited where it is found that the employee has a permanent partial disability, found not to be due solely to that injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone
 
 
 [2]
 The standard articulated in Newport News applies to all permanent partial disabilities "found not to be due solely to that injury," including disabilities, such as Kincaid's, covered by section 908(c)(23). 33 U.S.C. Sec. 908(f)(1); Newport News, slip op. at 19